UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**MIRIAM LUZ FLOYD,**

    **Plaintiff,**

v.                                     **Case No: 6:16-cv-813-Orl-41TBS**

**COMMISSIONER OF SOCIAL SECURITY,**

    **Defendant.**
_____/

**ORDER**

THIS CAUSE is before the Court on the Report and Recommendation ("R&R," Doc. 22) issued by United States Magistrate Judge Thomas B. Smith. Therein, Judge Smith recommends dismissing this case for failure to prosecute. Plaintiff filed an Objection (Doc. 23), and Defendant filed a Response (Doc. 24).

As explained in the R&R, Plaintiff's counsel was permitted to withdraw on the basis that Plaintiff discharged her. (Mot. to Withdraw, Doc. 14, at 1; Aug. 18, 2016 Order, Doc. 17, at 1). At that time, Judge Smith advised Plaintiff that she was required to abide by the Federal Rules of Civil Procedure and the Court's orders, including complying with deadlines. (Doc. 17 at 1–4). When Plaintiff failed to file her memorandum in accordance with the scheduling order, Judge Smith issued an order to show cause as to why this case should not be dismissed for failure to prosecute. (Jan. 20, 2017 Order, Doc. 19, at 1). Although Plaintiff filed an insufficient Response (Doc. 20), Judge Smith gave Plaintiff an extension of time to file her memorandum, (Feb. 3, 2017 Order, Doc. 21). The extended deadline was February 24, 2017. Plaintiff again failed to file her memorandum by the deadline. (*Id.*). In fact, Plaintiff has yet to file a memorandum.

In her Objection, Plaintiff indicates that she does not understand the court proceedings, and she is attempting to find representation. However, Plaintiff has had over seven months to obtain substitute counsel, (*see* Doc. 17 at 1 (granting previous attorney's motion to withdraw on August 18, 2016)), Plaintiff has been warned several times that failure to comply with court deadlines may result in the dismissal of her case, (*id.* at 1–4; Doc. 19 at 1; Doc. 21 at 1), and in the three months since Judge Smith's first order to show cause, Plaintiff has failed to make any effort to comply with this Court's scheduling order.

Although *pro se* parties are given more leniency than those represented by attorneys, they are still required to comply with the Federal Rules of Civil Procedure and this Court's orders. Plaintiff's failure to make any effort to comply with this Court's orders cannot be permitted. Therefore, it is **ORDERED** and **ADJUDGED** as follows:

1. The Report and Recommendation (Doc. 22) is **ADOPTED** and **CONFIRMED** and made a part of this Order.
2. This case is **DISMISSED without prejudice** for failure to prosecute.
3. The Clerk is directed to close this case.

**DONE** and **ORDERED** in Orlando, Florida on April 24, 2017.

CARLOS E. MENDOZA
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Party